Peter Lopez,
      Plaintiff,

                       **Hon. Hugh B. Scott**

                       07CV365
      v.                (Consent)

                       **Decision
& Order**

Brian Fischer, Superintendent, et al.

      Defendants.

Before the Court is defendant Brian Fischer's motion to dismiss (Docket No. 66)[1].

## Background

The plaintiff, Peter Lopez ("Lopez") brings this action claiming that he has been denied a reasonable accommodation for a disability in violation of the Americans with Disabilities Act ("ADA")(29 U.S.C. §12101 et seq.), the Rehabilitation Act of 1973 (29 U.S.C. §799 et seq.) and the Eighth and Fourteenth Amendments to the United States Constitution. (Second Amended Complaint, Docket No. 55 at ¶ 3). Lopez alleges that he suffers from vilelliform macular dystrophy, or Best's Disease, a visual impairment which requires that he obtain assistance with

---

[1] Named as defendants in the Second Amended Complaint are: Brian Fischer, Commissioner of the New York State Department of Correctional Services; Robert A. Kirkpatrick, Superintendent of Wende Correctional Facility; William R. Smith, Deputy Superintendent of Program; Girard Monahan, Deputy Superintendent of Security; M. Kearney, Captain; Susan Post, Deputy Superintendent of Health Services; Timothy Tracz, Acting Deputy Superintendent of Program, Jacqueline Levitt, M.D.; Robert Taymond, A.D.A. Corrdinator, james Kennedy, Commanding Hearing Officer; Ann M. Andzel, Correction Counselor; James J. Walsh, Suprintendent of Sullivan Correctional Facility; Deputy Griffin, Deputy Superintendent of Security; Deputy Nelson, Deputy Superintendent of Program at Sullivan Correctional Facility; and John Doe and/or Jane Doe. The instant motion is made only as to defendant Fischer.

mobility and other basic needs. (Docket No. 55 at ¶ 4). He asserts that he was provided reasonable accommodations for a certain period upon arriving at the Wende Correctional Facility. (Docket No. 55 at ¶ 37). Lopez alleges that for several months in 2007 he was transferred to the Special Housing Unit ("SHU") at Wende. He was then transferred to the Sullivan Correctional Facility for 18 months, but has since been transferred back to Wende. He remains housed in the SHU. (Docket No. 55 at ¶¶ 38-39). The plaintiff alleges that he has been denied all reasonable accommodations while in SHU. (Docket No. 55 at ¶40-52).

**Discussion**

In the instant motion, defendant Fischer asserts that the complaint fails to state a claim against him and seeks dismissal pursuant to Rule 12 of the Federal Rules of Civil Procedure. When ruling on a motion to dismiss, the court accepts the material facts alleged in the complaint as true and draws all reasonable inferences in favor of the plaintiff and against the defendants. See Chance v. Armstrong, 143 F.3d 698, 701 (2d Cir.1998); Cohen v. Koenig, 25 F.3d 1168, 1171-72 (2d Cir.1994); Atlantic Mutual Ins. Co. v. Balfour Maclaine Int'l Ltd., 968 F.2d 196, 198 (2d Cir.1992). However, legal conclusions, deductions or opinions couched as factual allegations are not given a presumption of truthfulness. Albany Welfare Rights Organization Day Care Center, Inc. v. Schreck, 463 F.2d 620 (2d Cir.1972), cert. denied, 410 U.S. 944, 93 S.Ct. 1393, 35 L.Ed.2d 611 (1973). The court is required to read the complaint broadly and with great latitude on a motion to dismiss. Yoder v. Orthomolecular Nutr. Inst., 751 F.2d 555, 558 (2d Cir.1985). The court's function on a motion to dismiss is "not to weigh the evidence that might be presented at a trial but merely to determine whether the complaint itself is legally sufficient." Goldman v. Belden, 754 F.2d 1059, 1067 (2d Cir.1985). In Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007), the Supreme Court held that although it did "not require heightened fact pleading of specifics" it is necessary that the complaint allege "enough facts to state a claim to

relief that is plausible on it face." Twombly, 550 U.S. at 570; see Ashcroft v. Iqbal, --- U.S. ----, 129 S.Ct. 1937, 1949 (May 18, 2009).

Fischer does not address the specific allegations set forth in the plaintiff's Second Amended Complaint, but asserts that he lacked personal involvement with respect to the conduct underlying the plaintiff's claims. (Docket No. 67 at ¶ 2). He states that as Commissioner of the Department of Correctional Services ("DOCS") he receives thousands of letters addressed to him from inmates. He alleges that he does not read the letters, but that they are read by secretaries and forwarded for appropriate action. (Docket No. 67 at ¶ 4). With respect to Lopez, Fischer states that he has been advised that the plaintiff addressed two letters to him, but that he did not personally read or respond to either letter. (Docket No. 67 at ¶ 7).[2]

The plaintiff argues that the Court should not consider the documents attached to the motion, inasmuch as the motion was filed as a motion to dismiss and thus, the Court's review is limited to the complaint and the allegations therein which are to be assumed to be true. (Docket No. 70 at page 4). The plaintiff further asserts that the failure to provide reasonable accommodations was due to the "policies and practices that defendant Fischer enacted and carried out" (Docket No. 70 at page 2-3 citing to the Second Amended Complaint at ¶¶ 71-74). Finally, the plaintiff also argues that he has not yet had an opportunity to conduct discovery on these issues. (Docket No. 70 at page 5).

The motion to dismiss is denied without prejudice at this time. The plaintiff does allege that the conduct underlying the alleged statutory and constitutional violations was the result policies and practices for which Fischer is responsible. The instant motion does not address the merit or sufficiency of those allegations. Nor did the defendant reply to the plaintiff's response to

---

[2] Attached to the motion to dismiss and supporting affidavit by Fischer are various documents, including the letters from Lopez and the responses by DOCS staff. (Docket No. 67). The defendant does not provide any legal authority in support of the instant motion.

the instant motion stating that discovery was needed with respect to these issues.[3]

Based on the above, the motion to dismiss is denied without prejudice.

So Ordered.

/s/ Hugh B. Scott
United States Magistrate Judge
Western District of New York

Buffalo, New York
July 21, 2009

---

[3] Defendant was afforded an opportunity to reply to the plaintiff's response (Docket No. 69), however, no such reply was filed.

4